Of Counsel:
NING LILLY & JONES

STEPHEN A. JONES    2957
707 Richards Street, Suite 700
Honolulu, HI 96813
Telephone: (808) 528-1100
Facsimile: (808) 531-2415
Email: Stevejones@nljlaw.com

Special Counsel for Plaintiff
RONALD K. KOTOSHIRODO, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>JAMES WILLIAM LULL,<br><br>          Debtor.<br><hr><br>RONALD K. KOTOSHIRODO,<br>CHAPTER 7 TRUSTEE<br><br>          Plaintiff<br><br>          v.<br><br>U.S. FINANCIAL MORTGAGE CORP., a Hawaii Corporation; JANE DOES 1-10; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE ENTITIES 1-10,<br><br>          Defendant. | BK. NO. 06-00898<br>(Chapter 7)<br><br>ADV. NO. 07-900_____<br><br>COMPLAINT |

## COMPLAINT

Plaintiff RONALD KOTOSHIRODO ("Plaintiff"), Trustee of the above-named debtor, for his complaint herein states by and through his undersigned attorneys as follows:

1. This is an action to avoid the transfer of funds of the Debtor under 11 USCA §§ 547(b), and is brought as an adversary proceeding in accordance with Bankruptcy Rule 7001, et. seq. This Court has jurisdiction to hear this action under 28 USCA §§151, 157(a), 157(b)(2)(F) and 1334(a), and this is a core matter.

2. On December 8, 2006, James William Lull, also known as James W. Lull, (the "Debtor") filed a Voluntary Petition under Chapter 7, in the United States Bankruptcy Court for the District of Hawaii.

3. Plaintiff was appointed as Bankruptcy Trustee for the Debtor on December 8, 2006 and Notice of Appointment was filed on December 12, 2006.

4. Defendant U.S. Financial Mortgage Corp. is a Hawaii corporation, and was at all times material herein doing business in the State of Hawaii.

5. In April 2006, the Debtor consigned a coin collection to Bowers & Merena Auctions, for sale at auction.

6. Bowers & Merena agreed to make a cash advance of $700,000 to the Debtor, in respect of the consigned coins.

7. In late April 2006, pursuant to instructions from the Debtor, Bowers & Merena wire transferred $500,000 of this cash advance, to the bank account of Defendant at Wells Fargo Bank in Roseville, California.

8. At the time of this transfer (April 2006), Debtor was a director and the registered agent of Defendant.

### Count I:  Voidable Preference (11 U.S.C. §547)

9. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 8, as if fully set forth herein.

10. The $500,000 wire transfer from Bowers & Merena to Defendant in late April 2006, was a portion of the $700,000 cash advance due to Debtor in respect of the coins which he had he consigned to Bowers & Merena for sale.

11. As such, the $500,000 wire transfer to Defendant constituted a transfer of the Debtor's property or the Debtor's interest in property.

12. The transferee (Defendant) was, at the time of the transfer, an insider of the Debtor.

13. The Debtor was insolvent at the time of the transfer.

14. The transfer was made within one year of December 8, 2006, the date on which the Debtor filed his bankruptcy petition.

15. The Debtor owed Defendant an antecedent debt before the transfer was made.

16. The transfer enabled Defendant to receive more than it would have received if the transfer had not been made and Defendant had instead received payment to the extent provided by the provisions of United States Code Title 11 in a case under Chapter 7.

17. The Trustee is entitled to avoid the $500,000 transfer to Defendant as a preference under 11 U.S.C. §547(b).

**Count II: Recovery of Value of Transfer (11 U.S.C. §550)**

18. Plaintiff incorporates by reference each of the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19. To the extent the $500,000 transfer to Defendant is avoided under §547, the Trustee is entitled to recover from Defendant the value of the transfer ($500,000), pursuant to 11 U.S.C. §550(a).

20. Despite demand by the Trustee, Defendant has failed and refused to pay back the $500,000.

21. In addition to the value of the transfer, the Trustee is entitled to recover from Defendant interest and reasonable attorneys' fees and costs incurred herein.

**Wherefore, Plaintiff Trustee prays for relief as follows:**

1. That the transfer of $500,000 to Defendant be avoided as a preferential transfer under 11 U.S.C. §547(b);

2. That pursuant to 11 U.S.C. §550(a), the Trustee recover judgment against Defendant for the value of the transfer ($500,000), together with interest thereon and Plaintiff's attorneys fees herein;

3. That Plaintiff be awarded other and further relief as the Court may deem equitable and just.

Dated: Honolulu, Hawaii    OCT 1 9 2007

                                        STEPHEN A. JONES
                                        Special Counsel for for Plaintiff
                                        RONALD K. KOTOSHIRODO
                                        Chapter 7 Trustee