UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re: | Case No. 06-00898 |
| | (Chapter 7) |
| JAMES WILLIAM LULL, | |
| Debtor. | |
| | |
| RONALD K. KOTOSHIRODO, CHAPTER 7 TRUSTEE, | Adversary Pro. No. 07-90058 |
| Plaintiff, | |
| v. | |
| U.S. FINANCIAL MORTGAGE CORP., a Hawaii corporation, | Related Docket No. 25 |
| Defendant. | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an adversary proceeding in bankruptcy. Fed. R. Bankr. P. 7001(1). Plaintiff Ronald K. Kotoshirodo, Chapter 7 Trustee ("Plaintiff") seeks partial summary judgment against Defendant U.S. Financial Mortgage Corp. ("Defendant") on the ground that there is no genuine issue as to any relevant material fact.

This matter was heard on February 28, 2008. Michael A. Lilly, Esq., Ning,

Lilly & Jones, appeared for Plaintiff. Although duly noticed, Defendant did not file an opposition to the Motion or appear at the hearing. Having considered the arguments of counsel, the evidence submitted by Plaintiff, the records and files in this case, and for the reasons stated in open court, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. This is an action to avoid a preference. 11 U.S.C. § 547(b).

2. On December 8, 2006, James W. Lull (the "Debtor") filed a Voluntary Petition under Chapter 7, in the United States Bankruptcy Court for the District of Hawaii. Defendant's Answer to Complaint filed on November 21, 2007 ("Answer"), at ¶ 3.

3. Plaintiff was appointed trustee in bankruptcy in Debtor's case on December 8, 2006. Answer, at ¶ 3.

4. Defendant is a Hawaii corporation, and was at all times material herein doing business in the State of Hawaii. Answer, at ¶ 3.

5. On or about April 21, 2006, Debtor entered into an Auction Consignment Agreement with Bowers & Merena Auctions, LLC, ("Bowers") under which he consigned certain coins to Bowers, for the purpose of an auction to the general public. Declaration of Ian Russell; Exhibit "A".[1]

---

[1] All declarations and exhibits cited in these Findings of Fact are attached to Plaintiff's Concise Statement of Material Facts, filed January 29, 2008.

6.  As part of the Auction Consignment Agreement, Bowers agreed to, and did, advance to Debtor the sum of $700,000 (the "Advance"). Declaration of Ian Russell; Exhibit "B".

7.  In accordance with Debtor's instructions, on or about April 21, 2006, Bowers wired $500,000 of the Advance to Defendant's bank account at Wells Fargo Bank in Roseville, California. Declaration of Ian Russell; Exhibit "D"; Answer, at ¶ 5 ("In answer to paragraph 7 of the Complaint, U.S. Financial admits that in April 2006, Bowers & Merena Auctions remitted by wire a sum of $500,000 to the account of U.S. Financial at Wells Fargo Bank in Roseville, California"); and Exhibits "F" & "G", transcripts of Debtor's testimony on May 21 & 23, 2007, ($500,000 of the $700,000 was wired to Defendant at its Roseville bank branch). Bowers also wired $200,000 of the Advance to Debtor's bank account with Territorial Savings Bank in Honolulu, Hawaii. Declaration of Ian Russell; Exhibit "E".

8.  At the time of this transfer, Debtor was a director and the State of Hawaii registered agent of Defendant. Answer, at ¶ 6 ("In answer to paragraph 8 of the Complaint, U.S. Financial admits that James Lull ('Debtor') was a director of U.S. Financial in April 2006."); Exhibit "H" (Defendant's State of Hawaii Annual Report).

-3-

U.S. Bankruptcy Court - Hawaii   #07-90058   Dkt # 34   Filed 03/06/08   Page 3 of 5

9. When the $500,000 payment was made to Defendant, Debtor owed $695,000 to Defendant. The payment was made on account of this antecedent debt. Answer, ¶ 10, admitting a debt; Exhibit "G" (Debtor's May 21, 2007, deposition testimony, p. 135, ln. 19 - p. 136, ln. 17, as to debt and amount).

10. In Debtor's Chapter 7 case, there is no possibility of 100% payment of the claims of unsecured creditors. Declaration of Ronald Kotoshirodo.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(E). Venue is proper.

2. Plaintiff's Complaint filed October 19, 2007 (the "Complaint") states two claims for relief. Count I alleges that the $500,000 wire transfer from Bowers to Defendant in late April 2006 was a voidable preference under 11 U.S.C. § 547. Count II seeks recovery of the value of the $500,000 transfer under 11 U.S.C. §550(a).

3. Plaintiff has met all the elements of 11 U.S.C. § 547 with the exception of whether the Debtor was insolvent at the time of the $500,000 transfer. The $500,000 transfer by Bowers to Defendant was to or for the benefit of a creditor (i.e., Defendant), for or on account of an antecedent debt before the transfer was made, and made within one year before the filing of the Debtor's petition. Debtor was, at the time of the transfer, a director of Defendant, so Defendant is an

U.S. Bankruptcy Court - Hawaii #07-90058 Dkt # 34 Filed 03/06/08 Page 4 of 5

"insider" pursuant to 11 U.S.C § 101 (31)(A)(iv). Finally, the $500,000 transfer meets the requirements of 11 U.S.C. § 547(b)(5) in that it enabled Defendant to receive more than it would have received through a Chapter 7 liquidation of Debtor's estate.

4. Plaintiff has therefore satisfied all elements of 11 U.S.C. § 547(b) with the exception of whether Debtor was "insolvent" at the time of the subject transfer.

5. Partial summary judgment will be entered in favor of Plaintiff and against Defendant on all issues except whether Debtor was insolvent at the time of the April, 2006 transfer of $500,000.

6. Any Conclusion of Law which is a Finding of Fact shall be deemed and considered as a Finding of Fact. Any Finding of Fact which is a Conclusion of Law shall be deemed and considered a Conclusion of Law.

DATED: Honolulu, Hawaii  MAR 0 6 2008 .

*Lloyd King*
Lloyd King
U.S. Bankruptcy Judge

-5-

U.S. Bankruptcy Court - Hawaii   #07-90058   Dkt # 34   Filed 03/06/08   Page 5 of 5