IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| In re: | ) | BK. NO. 06-00898 |
| | ) | (Chapter 7) |
| JAMES WILLIAM LULL, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| RONALD K. KOTOSHIRODO, CHAPTER 7 TRUSTEE, | ) | ADV. NO. 07-90058 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. FINANCIAL MORTGAGE CORP., a Hawaii Corporation, | ) | |
| | ) | |
| Defendant. | ) | Related Docket No. 39 |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This is an adversary proceeding in bankruptcy. Fed.R.Bankr.P. 7001(6).

Plaintiff Ronald K. Kotoshirodo, Chapter 7 Trustee ("Plaintiff") seeks summary judgment in his favor against Defendant U.S. Financial Mortgage Corp. ("USF") on the grounds that there is no genuine issue as to any material fact and that Plaintiff is entitled to summary judgment, as requested, as a matter of law.

This matter came before the Honorable LLOYD KING, on May 29, 2008, on Plaintiff's Motion for Summary Judgment filed April 2, 2008 (the "Motion"). Appearing was Michael A. Lilly, Esq., Ning, Lilly & Jones, representing Plaintiff. Although duly noticed, Defendant did not file an opposition to the Motion or appear at the hearing. Having considered the arguments of counsel, the evidence submitted by Plaintiff, the records and files in this case, and for the reasons stated in open court, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. This is an action to avoid the transfer of funds of the Debtor under 11 USCA §§ 547(b), and is brought as an adversary proceeding in accordance with Bankruptcy Rule 7001, et seq.

2. On March 6, 2008, this Court entered its Findings of Fact and Conclusions of Law (the "FOF & COL") and Order and Judgment Granting Plaintiff's Motion for Partial Summary Judgment (the "Partial Summary Judgment Order") which are incorporated herein by reference. Adv. Doc Nos. 34 & 35.

3. Pursuant to the FOF & COL and the Partial Summary Judgment Order, the only issue remaining in this adversary action is whether James W. Lull (the "Debtor") was insolvent at the time of the April 21, 2006 transfer of $500,000 to USF.

2

4. Thomas Ueno, C.P.A. performed a solvency analysis of the Debtor using the "balance sheet" approach of 11 U.S.C. § 101(32). Declaration of Thomas T. Ueno & Attachment "A".

5. Based on Mr. Ueno's review, it is his opinion that Debtor was insolvent, as that term is defined in 11 U.S.C. § 101(32), on December 8, 2005, April 21, 2006 and December 8, 2006. Id.

6. Because there were no substantial changes in Debtor's solvency between December 8, 2005 and December 8, 2006, it is also Mr. Ueno's opinion that Debtor remained insolvent at all times between those two periods, including April 21, 2006. Id.

7. The Debtor was insolvent on April 21, 2006, being the date of the $500,000 transfer to USF.

8. On October 4, 2007, Plaintiff made demand (the "Demand") on Defendant via its attorney Steve Guttman, Esq., to return the $500,000 by October 15, 2007. No response to the Demand was received. Despite the Demand, the Defendant has failed and refused to pay back the $500,000 to Plaintiff at any time.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding, which is a core proceeding in bankruptcy. 28 U.S.C. § 157(b)(2)(I). Venue is proper.

3

U.S. Bankruptcy Court - Hawaii #07-90058 Dkt # 51 Filed 06/02/08 Page 3 of 5

2. Plaintiff's Complaint filed October 19, 2007 (the "Complaint") states two claims for relief. Count I alleges that the $500,000 wire transfer from Bowers to Defendant in late April 2006 was a voidable preference under 11 U.S.C. § 547. Count II seeks recovery of the value of the $500,000 transfer under 11 U.S.C. § 550(a).

3. As to Count I, 11 U.S.C. § 547 authorizes a trustee in bankruptcy to avoid any transfer of the interest of the debtor in property (i) to or for the benefit of a creditor, (ii) for or on account of an antecedent debt before such transfer was made, (iii) made while the debtor was insolvent, (iv) made between 90 days and one year before the filing of the petition if such creditor at the time of the transfer was an insider, and (v) that enables the creditor to receive more than such creditor would receive if (a) the case were a case under Chapter 7 of 11 U.S.C., (b) the transfer had not been made, and (c) such creditor received payment of such debt to the extent provided by the provisions of the statute.

4. The Court has previously found that Plaintiff has met all the elements of 11 U.S.C. § 547, with the exception of whether the Debtor was insolvent at the time of the $500,000 transfer. The Debtor was insolvent at all times between December 8, 2005 and December 8, 2006 as well as the date of the $500,000 transfer to USF on April 21, 2006.

5.  Summary judgment will therefore be entered in favor of Plaintiff and against USF Defendant on all issues.

6.  Any Conclusion of Law which is a Finding of Fact shall be deemed and considered as a Finding of Fact. Any Finding of Fact which is a Conclusion of Law shall be deemed and considered a Conclusion of Law.

7.  Final Judgment will be entered in favor of Plaintiff and against Defendant USF as follows:

    (i) For the principal amount of $500,000.

    (ii) For deferred filing fees of $250.00.

    (iii) For total judgment in the amount of $500,250.00.

8.  The foregoing judgment will hereafter bear interest at the federal legal rate.

DATED: Honolulu, Hawai'i   JUN 0 2 2008

Lloyd King
United States Bankruptcy Judge

5